UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
FEB - 2 2015
CLERK, US DISTRICT COURT
NORFOLK, VA

ALEXANDER EUGENE HILL, JR.,
    Plaintiff,
v.

Civil No. 2:13cv637

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,
    Defendant.

## FINAL ORDER

Plaintiff Alexander Eugene Hill, Jr. ("Mr. Hill") brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Title II and Title XVI of the Social Security Act. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated April 17, 2014, this matter was referred to United States Magistrate Judge Douglas E. Miller for a Report and Recommendation.

In a Report and Recommendation ("R&R") filed September 16, 2014, Magistrate Judge Miller found that the decision by the Administrative Law Judge ("ALJ") to deny Mr. Hill's claim was supported by substantial evidence. R&R, September 16, 2014, ECF No. 16 at 16. Accordingly, Magistrate Judge Miller recommended denying Mr. Hill's Motion for Summary Judgment, granting the Commissioner's Motion for Summary Judgment, and affirming the decision of the Commissioner. *Id.*

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received Mr. Hill's objections to the Magistrate Judge's R&R, and has considered the objections carefully.

Mr. Hill contends that the R&R erred when it affirmed the ALJ's decision to deny DIB and SSI

1

benefits. Mr. Hill argues that the ALJ committed reversible error by failing to fully consider his diagnosis of spinal stenosis rendered by Reeta Arora, M.D., and his diagnosis of sciatica rendered at the Maryview Medical Center emergency room. Specifically, Mr. Hill alleges that the diagnoses of spinal stenosis and sciatica were crucial to a determination of whether Mr. Hill could engage in full-time employment.

After reviewing the record *de novo*, this Court concludes that the record reflects that the ALJ reviewed Dr. Arora's spinal stenosis diagnosis, R.17, but failed to specifically use the word "sciatica" in his decision. This failure was immaterial to the ALJ's overall assessment. According to *Stedman's Medical Dictionary*, sciatica is "[p]ain in the lower back and hip radiating down the back of the thigh into the leg, initially attributed to sciatic nerve dysfunction." STEDMAN'S MEDICAL DICTIONARY 1602 (27th ed.). The ALJ considered this symptom[1] fully in his assessment.[2] The ALJ accounted for Mr. Hill's symptoms by restricting Mr. Hill to light work with a sit-stand option every thirty minutes to accommodate Mr. Hill's functional limitations.

This Court has reviewed the R&R of Magistrate Judge Miller and hereby **ADOPTS** and **APPROVES** in full the findings and recommendations set forth therein. ECF No. 16. Accordingly, it is hereby **ORDERED** that Mr. Hill's Motion for Summary Judgment (ECF No. 11) is **DENIED**, the Commissioner's Motion for Summary Judgment (ECF No. 13) is **GRANTED**, the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED WITH PREJUDICE**.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

Feb. 2nd, 2015
Norfolk, Virginia

---

[1] In the R&R, the Magistrate Judge recognized that sciatica is not a diagnosis, but rather a symptom of an underlying medical condition. *See* ECF No. 16 at 11 (quoting Stephen H. Hochschuler, M.D., *What You Need to Know About Sciatica*, SPINE-HEALTH (Jan. 3, 2013), http://www.spine-health.com/conditions/sciatica/what-you-need-know-about-sciatica (emphasis in original)) ("[s]ciatica . . . is not a medical diagnosis in and of itself - it is a *symptom of an underlying medical condition*.").
[2] The ALJ noted that the "claimant testified to lower back, hip and leg pain that causes difficulty walking." R. 17.